## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **1401 ELM STREET CONDOMINIUM ASSOCIATION,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 3:08-CV-1108-G** |
| **v.** | § § | **ECF** |
| **THYSSENKRUPP ELEVATOR CORPORATION,** | § § § | |
| **Defendant.** | § § | |

### AGREED PROTECTIVE AND CONFIDENTIALITY ORDER

Plaintiff 1401 Elm Street Condominium Association ("Plaintiff") and Defendant ThyssenKrupp Elevator Corporation ("Defendant") possess certain private, confidential and proprietary information which may be disclosed in this litigation. 1401 Elm Street Condominium Association and the ThyssenKrupp Elevator Corporation (the "Parties") wish to protect the confidentiality of trade secret and proprietary information produced by the Parties in this litigation by stipulating that such information shall not be used for any purpose other than this litigation and shall not be made public or be disseminated by the Parties or by the Parties' counsel, experts, or anyone else except as set forth in this protective order, have agreed to the terms and conditions set forth herein and, IT IS THEREFORE AND HEREBY ORDERED:

1.      For purposes of this Protective Order, the term "Confidential Information" means any record, document, writing, paper, tangible thing, transcript of oral testimony or recorded statement of counsel, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and the content of any such document, writing, paper, thing, transcript or statement, which a Party designates as "Confidential." By way of example, and not limitation,

confidential information may include or be included in records, documents, papers, transcripts, answers to Interrogatories and other responses to discovery requests, briefs, summaries, notes, abstracts, motions, drawings, and any instruments which comprise, embody or summarize matter which the Parties consider confidential and desire not to be made public.

2.      The Parties, by and through their respective counsel of record, agree not to disclose, copy, reproduce or use in any manner whatsoever, except for use in connection with the prosecution of this litigation and in compliance with this order, those documents and/or items produced or disclosed in this cause that contain Confidential Information.

3.      When a Party produces a document or thing containing information such Party deems to be private or confidential and which it wishes to be subject to this Order, the Party shall mark or designate the document or thing "Confidential."  The Parties shall mark any copy made of such document or thing (to the extent one can be made) or any abstract, summary or memorandum containing the confidential information as "Confidential."  Where any document or thing is marked or designated "Confidential" upon the first page thereof, the entire document or thing shall be deemed marked "Confidential."

4.      With respect to produced material made available to one party by the other party for inspection and copying at any location, the producing party will be entitled to mark or designate as "Confidential" any or all portions of the produced material at the time the other party requests copies of such produced material.

5.      Within thirty (30) days of receiving the transcript of any deposition and subject to Paragraph 3 above, a Party may designate any testimony as being confidential and as being subject to this Protective Order by notifying counsel in writing of the page and line numbers of the testimony deemed confidential and subject to this Protective Order.  If such designation is not made within

thirty (30) days after receiving the transcript of any deposition, the deposition shall be deemed not confidential and not subject to this Protective Order. Prior to the expiration of thirty (30) days from the date on which the transcript of any deposition is received, the transcript shall be presumed to be confidential and subject to this Protective Order but that presumption shall cease at the end of thirty (30) days following the date on which the transcript of any deposition is received by counsel for the party seeking to maintain the confidentiality of the transcript. Transcripts of depositions already taken in this case shall be presumed confidential for thirty (30) days following the signing of this Protective Order. During that period, testimony may be designated as confidential. After the expiration of thirty (30) days following the signing of this Protective Order, all portions of deposition transcripts previously taken in this case which have not been designated as confidential shall lose this presumption. The procedure set forth in this Protective Order must be followed to maintain the confidentiality of the deposition transcript, or any portion of said transcript.

6.      In the event that any Party disagrees with the designation of any information or material as confidential and subject to this Protective Order, that party shall send a written notice to opposing counsel within thirty (30) days of its receipt of any such items designated as confidential and subject to this Protective Order specifying the information or material in question and identifying the specific objections that such party has to be the designation of such information or material as confidential and protected by this Protective Order. Any Party shall be at liberty to set and obtain a hearing on any dispute relating to the confidentiality of any item, information or testimony designated as confidential pursuant to this Protective Order. Any item in question shall continue to be treated as confidential and subject to this Protective Order until such time as the court rules that it is not confidential and protected by this Protective Order.

7.    Confidential Information may be shown, disseminated, or disclosed only to the following persons.

(a)    The Parties' respective counsel of record in this case, including other members of counsels' law firms and any other counsel associated to assist in the preparation or trial of this case;

(b)    Employees of all Parties' respective counsel or of associated counsel, who assist in the preparation or trial of this case;

(c)    Experts and consultants retained by the respective Parties' counsel for the preparation or trial of this case;

(d)    The Court, the Court's staff, witnesses during case testimony, and the jury in this case;

(e)    Parties to this litigation, including the parties' officers, directors, agents and employees, to whom it is necessary that the material be shown for the purposes of this litigation.

8.    Before being given access to any of the subject documents or the information contained therein, each person described in paragraphs 6(c) and 6(e) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing to be bound by its terms and subject themselves to the jurisdiction and venue of this Court for purposes of enforcement of this Protective Order in the form appended hereto as Exhibit "A". The original of each Exhibit "A" executed by a recipient of protected information shall be furnished to counsel for the party seeking to maintain the confidentiality of the material to be disclosed; except: 1) when the individual signing the declaration is a consulting only expert, in which case the attorney who retains the consulting only expert shall inform the opposing counsel that protected information

was provided to a consulting only expert (without disclosing such expert's identification) and retain the declaration and shall certify to the party seeking to maintain the confidentiality of the materials to be provided to the consulting only expert that said consulting expert has signed the declaration in the form attached as Exhibit "A". The declaration signed by the consulting only expert need not be provided to opposing counsel until such expert ceases to be a consulting only expert or until the conclusion of the litigation to which this Order applies, whichever occurs first. At that time, the original of the declaration signed by that expert shall be provided to the attorney for the party seeking to maintain the confidentiality of the materials disclosed to said expert; and 2) when the individual signing the declaration is a an employee of a party in which case the attorney representing such party shall retain the declaration until such individual ceases to be employed by such a party and the attorney for the producing party requests such declaration and/or at the conclusion of the litigation.

9.      Any recipient of information designated as confidential pursuant to this order shall not disclose the same to any other person to whom disclosure is not authorized by the terms of this Protective Order, and shall not use such protected information for purposes other than preparation for trial or settlement of this action. Any recipient of such protected information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such protected information in order to ensure that the protected nature of the same is maintained.

10.     All Parties' respective counsel further agree to return the subject documents, together with any copies and reproductions, whether in whole or in part, to the Party providing such documents or certify to the Party producing such documents in writing that the subject documents, together with any copies and reproductions, were destroyed, within fifty (50) days from the conclusion of the instant litigation. The instant litigation will be considered concluded at the first point in time after which all appeals periods have expired.

11.      Counsel for the Parties, by executing this Order, undertake to abide by and be bound by its provisions and shall exercise reasonable and appropriate care to make sure that the provisions of this Order are known to those under their supervision and control and shall instruct those individuals to strictly adhere to the provisions of this Protective Order.

12.      Information and materials designated as confidential may be referenced generally in notices, motions, briefs, or any other pleadings, may be used in depositions, and may be marked and separately filed and tendered in camera to the Court.  The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" information by a party to this action.

13.      If material designated as confidential and subject to this Protective Order is used at trial, the Parties and their counsel shall not hinder or object to a motion to have the original trial exhibits marked as confidential as set forth in this order and to having those documents and items sealed following the conclusion of this litigation.  The parties and their counsel shall not hinder or object to a motion to obtain the original trial exhibits back from the Court at the conclusion of this litigation, including any appeals.

14.      The Parties reserve the right to seek modification of this Order to narrow or expand the terms contained herein.  Nothing in this Protective Order shall be deemed to preclude the Parties from seeking and obtaining additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular material designated "Confidential" hereunder.

15.      Producing confidential material or entering into, agreeing to, or otherwise complying with the terms of this Order will not:

(a)     Operate as an admission by any party that any particular confidential material contains or reflects proprietary information or any other type of confidential information;

(b)     Prevent the Parties to this Order from agreeing to alter or waive in writing the provisions or protections provided for herein with respect to any confidential material;

(c)     Operate as an admission that any material is relevant to the litigation;

(d)     Prejudice in any way the right of any party to object to any discovery request seeking production of material it considers not subject to discovery; or

(e)     Prejudice in any way a party's right to apply to the court for protective orders.

16.     This Order or a Party's production of documents, things or information in this action for inspection, copying or disclosure shall not be deemed to waive any claim of attorney/client privilege or attorney work product protection that might exist with respect to those or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents which the Party may produce.  Further, by entering into this Order, no party has waived its right to object to any request for the production or disclosure of documents, tangible objects, testimony, or any other requested matter.

17.     The Parties agree that a producing party's failure to mark or designate any produced material as confidential material prior to the copying of such material does not constitute a waiver of the producing party's right to designate such material as confidential material at a later time.

18.     The Court may, in its discretion, vary, alter, amend, modify or rescind all or some of the provisions hereof if the ends of justice so require.

19.     After conclusion of this case, the provisions of this Protective Order shall continue to

be binding.  This Court retains and shall have jurisdiction over the parties and recipients of the subject documents for enforcement of the provisions of this Protective Order.

20.    <u>Irreparable Harm.</u>    It is understood that the covenants of this Order and the Confidential Information disclosed to the recipient may be special, unique, and of extraordinary character.  The disclosing party may be irreparably harmed by a violation of this Order, and the use of the Confidential Information for the business, commerical or personal use of any party other than the recipient and its approved designees may enable such party to compete unfairly with the disclosing party.  In the event that the recipient, its directors, officers, employees, attorneys, accountants or agents shall have knowledge of any breach of the confidentiality of, or the misappropriation of, any of the Confidential Information, recipient shall promptly give notice thereof to the disclosing party.  In addition, the disclosing party shall be entitled, without limitation of any other remedies to which it may be entitled by law, to injunctive relief, to enforcement of specific performance of this Agreement, and to damages in the event of any violation of this Agreement. The Parties further agree that any such enforcement proceedings will, subject to the Court's approval, be determined on an expedited basis.

SIGNED on this 5th day of November, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM AND CONTENT:**

**STRASBURGER & PRICE, LLP**


/s/ Jadd Masso

_____

Scott Shanes
Texas Bar No. 00784953
2801 Network Boulevard, Suite 600
Frisco, Texas 75034
(469) 287-3900 Telephone
(469) 287-3999 Facsimile

Jadd Masso
Texas Bar No. 24041411
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300 Telephone
(214) 651-4330 Facsimile

**ATTORNEYS FOR PLAINTIFF**
**1401 ELM STREET CONDOMINIUM**
**ASSOCIATION**


**GIBSON, McCLURE, WALLACE**
**& DANIELS, L.L.P.**

/s/ Alan L. Rucker

_____

Alan L. Rucker
Texas Bar No. 00788330
Walker M. Duke
Texas Bar No. 24036505
8080 N. Central Expressway
Suite 1300, LB 50
Dallas, Texas 75206-1838
(214) 891-8040 Telephone
(214) 891-8010 Facsimile

**ATTORNEYS FOR DEFENDANT THYSSENKRUPP**
**ELEVATOR CORPORATION**

**EXHIBIT "A"**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **1401 ELM STREET CONDOMINIUM ASSOCIATION,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:08-CV-1108-G ECF** |
| **THYSSENKRUPP ELEVATOR CORPORATION,** | § § § | |
| **Defendant.** | § § | |

**DECLARATION REGARDING CONFIDENTIAL INFORMATION SUBJECT TO
AGREED PROTECTIVE AND CONFIDENTIALITY ORDER**

1.  "My name is _____.  I certify that I have received a copy of the Agreed Protective and Confidentiality Order in the above captioned and numbered cause of action signed by the Court on the _____ day of _____, 2008."

2.  "I certify that I have read the Agreed Protective and Confidentiality Order, I fully understand its terms and agree to be fully bound by them;"

3.  "I hereby agree to submit to the jurisdiction of the United States District Court, Northern District of Texas, Dallas Division for enforcement of the undertaking I have made herein;" and

4.  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

FURTHER DECLARANT SAYETH NOT.

_____
**DECLARANT**

Executed this _____ day of _____.